UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-62561-BLOOM/Valle**

INTERIM HEALTHCARE, INC.,

    Plaintiff,

v.

J. BRANDON DURBIN,
JAMES BULLARD,
JENNIFER BULLARD,
FALCON HEALTHCARE, INC.,
INTERIM HEALTHCARE OF WEST TEXAS, LLC,
CAPITAL HOMECARE LP,
CENTRAL TEXAS HOMECARE, LLC, *and*
NEW MEXICO HEALTHCARE SERVICES, LLC,

    Defendants.
_____/

## ORDER ON EMERGENCY MOTION

**THIS CAUSE** is before the Court upon Plaintiff Interim Healthcare, Inc.'s ("Plaintiff" or "Interim") Emergency Motion to Enjoin Defendants from Proceeding with a Parallel Second Filed Lawsuit, ECF No. [22] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Plaintiff initiated this action on December 23, 2021, arising from Defendants J. Brandon Durbin ("Durbin"), James Bullard, Jennifer Bullard, Falcon Healthcare, Inc. ("Falcon"), Interim Healthcare of West Texas, LLC ("IHWT"), Capital Homecare LP ("Capital"), Central Texas Homecare, LLC ("Central"), and New Mexico Healthcare Services, LLC's ("NMHS") (collectively, "Defendants") purported breach of several franchise agreements with Plaintiff. *See* ECF No. [1] ("Complaint"). On January 20, 2022, IHWT, Capital, Central, NMHS, and non-

parties to this case, each under Durbin's control (collectively, "Durbin Defendants"), filed an action against Plaintiff in Texas state court, which Plaintiff removed to the United States District Court for the Northern District of Texas ("Texas Action"). *See* ECF No. [22] at 2. On January 25, 2022, Plaintiff filed the instant Motion, urging this Court to enjoin the Durbin Defendants from: "1. Pursuing the Texas Action; 2. Commencing any other lawsuits against Interim on any issue related to the Franchise Agreements and Interim's step-in rights; and 3. Such other and further preliminary relief as this Court deems appropriate." *Id.* at 9-10.

Local Rule 7.1 permits litigants to designate a motion as an emergency. S.D. Fla. L.R. 7.1(d)(1). A filer requesting emergency action "must set forth in detail the nature of the emergency, the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id*. The filer must certify that the matter is a true emergency. *Id.* "The unwarranted designation of a motion as an emergency motion may result in sanctions." *Id*.

The Motion is denied because the Motion constitutes an improper use of emergency filing procedures. While Plaintiff has certified that the Motion is an emergency, Plaintiff's Motion fails to establish that the Motion requires immediate action from the Court for several reasons.

First, Plaintiff claims that it will suffer irreparable harm if injunctive relief is not granted within the "next seven days." ECF No. [22] at 1. Plaintiff argues that "there is a strong likelihood that while these competing matters are pending, and in the next seven days, the Franchise Employees may quit due to the uncertainty or be fired by the Durbin Defendants, which may cause irreparable harm to Interim's 'step-in' rights and may jeopardize patient safety." *Id.* at 3. However, Plaintiff fails to give any reason for why Franchise Employees would quit, within the next seven days, because of the uncertainty stemming from the pending lawsuits. For instance, despite the uncertainty, the Court has no reason to believe that Franchise Employees would not be paid their

usual wages over the next seven days or for the foreseeable future. In addition, Plaintiff fails to explain why the Durbin Defendants would fire Franchise Employees, undermine their own business operations, and jeopardize patient safety. Given that the Texas state court has issued a temporary restraining order ("TRO") to stop Plaintiff from exercising its "step-in" rights, *see* ECF No. [22] at 3, the Durbin Defendants appear to be operating their businesses as usual and have no reason to fire their employees within the next seven days. As such, Plaintiff fails to establish any irreparable harm.[1]

Second, Plaintiff argues that the Court should enjoin the Durbin Defendants because "there is great risk that rulings could be entered in the Texas Action during the next seven days that will prejudice Interim and impair this Court's ability to determine the substantive issues, such as rulings on the pending motion to remand to Texas state court and/or rulings for injunctive relief." ECF No. [22] at 3. The Court is not persuaded. There is no indication that the Texas court will render any rulings within the next seven days. Also, according to the Motion, Plaintiff has already filed a motion in the Texas Action seeking to have the Texas Action transferred to this Court. *See* ECF No. [22] at 2. The Court is confident that the Texas court will appropriately address the arguments raised in Plaintiff's transfer motion and transfer the case to this Court if warranted under the circumstances. Plaintiff also states that it is filing a motion to stay the Texas Action as an alternative to the pending motion to transfer the Texas Action to this Court. *See id.* at 5, n.2. Again, the Court is confident that the Texas court will appropriately address the motion to stay. In sum, both motions negate the need for this Court to enjoin the Durbin Defendants on an emergency

---

[1] Plaintiff argues that if this Court were to grant Plaintiff's pending Motion for Preliminary Injunction, ECF No. [9], all parties would be prevented from operating the businesses due to the TRO issued by the Texas state court that precludes Plaintiff from operating the businesses. *See* ECF No. [22] at 3-4. That argument is well-taken. As such, the Court will defer ruling on the Motion for Preliminary Injunction until it has been fully briefed by all parties and will take into consideration the implications of the TRO.

basis. Further, any suggestion that this Court should enjoin the Durbin Defendants because the Texas court may fail to appropriately consider the pending motions is not proper. As the Supreme Court has stated,

> Such apprehension implies a lack of discipline and of disinterestedness on the part of the lower courts . . . . It reflects an attitude against which we were warned by Mr. Justice Holmes, speaking for the whole Court . . . : 'Universal distrust creates universal incompetence.' If in a rare instance a district judge abuses the discretionary authority the want of which precludes an effective, independent judiciary, there is always the opportunity for corrective review by a Court of Appeals and ultimately by this Court.

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 72 S. Ct. 219, 222 (citations omitted).

Third, to the extent that Plaintiff cites *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 80 (11th Cir. 2013), to argue that the "court where the matter was first filed should be the one that decides the second suit filed must be dismissed, stayed or transferred and consolidated," ECF No. [22] at 8, the Court is persuaded. Generally, "the first-filed court decides whether the first-filed rule should apply or not." *Sciacca v. Bros. Recs., Inc.*, No. 06-21175-CIV, 2006 WL 8433807, at *6 (S.D. Fla. Aug. 1, 2006); *see also Mill Creek Press, Inc. v. The Thomas Kinkade Co.*, No. CIVA.3:04-CV-1213-G, 2004 WL 2607987, at *7 (N.D. Tex. Nov. 16, 2004) ("Typically, the first filed action controls which court should maintain jurisdiction."); *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 998 (E.D. Tex. 1993) (citing *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96 (9th Cir. 1982)) ("The first-to-file rule gives the *first-filed* court the responsibility to determine which case should proceed." (emphasis in original)). However, because there is *no* emergency, the Court need not enjoin the Durbin Defendants on an emergency basis pursuant to the first-to-file rule. Instead, this Court can address which case should proceed under the first-to-file rule should Plaintiff file a separate motion asking the Court to do so and only after the issues have been fully briefed by all parties. Of course, if the

4

Texas court were to grant Plaintiff's motions to transfer or stay the Texas Action, a separate motion seeking the same relief would not be necessary in this case.

Lastly, the Court must take this opportunity to advise Plaintiff and Plaintiff's counsel that emergency motions are treated very seriously. Plaintiff's improper emergency designation has inconvenienced not only the Court, but also litigants in other cases who have had their matters delayed due the Court's immediate attention to this matter. As Judge Goodman explained:

> When a party designates a motion as an emergency, it triggers consequences. Basically, it is akin to sounding an alarm in the chambers of the district court judge and the magistrate judge assigned to the case. And that is exactly what happened here. The law clerk working with the Undersigned on this case received a phone call from the District Court's chambers, alerting us to the existence of an emergency motion. As a result, the Undersigned and the law clerk immediately put aside other work in other cases in order to quickly address the purported emergency.

*VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, No. 12-23092, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). That is precisely what occurred due to the improper filing. Plaintiff is cautioned not to file any additional "emergency" motions unless it is truly appropriate. Any unwarranted designation of a motion as an emergency in the future *will* result in sanctions. *See* S.D. Fla. L.R. 7.1(d)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [22]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 26, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-62561-BLOOM/Valle

Copies to:

Counsel of Record

6