UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62561-BLOOM/Valle

INTERIM HEALTHCARE, INC.,

    Plaintiff,

v.

J. BRANDON DURBIN,
JAMES BULLARD,
JENNIFER BULLARD,
FALCON HEALTHCARE, INC.,
INTERIM HEALTHCARE OF WEST TEXAS, LLC,
CAPITAL HOMECARE LP,
CENTRAL TEXAS HOMECARE, LLC, *and*
NEW MEXICO HEALTHCARE SERVICES, LLC,

    Defendants.
_____/

## ORDER HOLDING IN ABEYANCE
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Defendants J. Brandon Durbin ("Durbin"), Falcon Healthcare, Inc., Interim Healthcare of West Texas, LLC, Capital Homecare LP, Central Texas Homecare, LLC, and New Mexico Healthcare Services, LLC's (collectively, "Defendants") Expedited Motion to Hold in Abeyance Plaintiff's Motion for Preliminary Injunction, ECF No. [34] ("Motion"), filed on March 18, 2022. In the Motion, Defendants request that the Court hold in abeyance Plaintiff Interim Healthcare, Inc.'s ("Plaintiff" or "Interim") Motion for a Preliminary Injunction, ECF No. [9] ("Motion for PI"), and suspend the briefing deadlines and any hearing for the Motion for PI pending (1) the Court's resolution of Defendants' Motion to Stay Proceeding Under the *Colorado River* Abstention Doctrine, ECF No. [32] ("Motion to Stay"), and (2) the resolution of an application for a temporary injunction in a parallel proceeding in Texas. Plaintiff

filed a Response in Opposition, ECF No. [38] ("Response").[1] The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

I.   **FACTUAL BACKGROUND**

Plaintiff initiated this action on December 23, 2021, claiming a purported breach of several franchise agreements between Plaintiff and Defendants. *See* ECF No. [1] ("Complaint"). On January 19, 2022, Plaintiff filed a Motion for PI, seeking to enjoin Defendants from breaching the franchise agreements and preventing Plaintiff from exercising its "step-in" rights. *See* ECF No. [9] at 2. The parties are also involved in two overlapping proceedings in Texas. *See Bullard et al. v. Durbin et al.*, No. DC-2021-CV-00440 (Tex. 99th DC 2021) ("First Texas Action"); *Falcon Healthcare, Inc. et al. v. Bullard et al.*, No. DC-2022-CV-0087 (Tex. 237th DC 2022) ("Second Texas Action"). In the Second Texas Action, the Texas court granted a temporary restraining order ("TRO") against Plaintiff, *see* ECF No. [31-9], and Falcon and Falcon-affiliated entities (collectively, "Falcon") are seeking an injunction to prevent Plaintiff from exercising its "step-in" rights, *see* ECF No. [31-10]. On January 25, 2022, Plaintiff filed an Emergency Motion requesting this Court enjoin some of the Defendants and other non-parties to this case from: "1. Pursuing the Texas Action; 2. Commencing any other lawsuits against Interim on any issue related to the Franchise Agreements and Interim's step-in rights; and 3. Such other and further preliminary relief as this Court deems appropriate." ECF No. [22] at 9-10. The Court denied the Emergency Motion. *See* ECF No. [23]. The parties then filed a Motion to Stay Proceedings Pending Mediation, ECF No. [28], requesting a stay until March 4, 2022, which the Court granted, ECF No. [29].

---

[1] Defendants James Bullard and Jennifer Bullard do not take a position on the relief requested in the instant Motion. *See* ECF No. [34] at 12.

Upon the expiration of the stay, Defendants filed the second Motion to Stay. *See* ECF No. [32]. As it stands, Defendants' deadline to respond to the Amended Complaint and the Motion for PI is March 24, 2022. *See* ECF No. [29]. Plaintiff's deadline to respond to the Motion to Stay is March 28, 2022. *See* ECF No. [32]. In the instant Motion, Defendants request that the Court hold in abeyance Plaintiff's Motion for PI and suspend the briefing deadlines and any hearing for the Motion for PI pending the Court's resolution of the Motion to Stay and the resolution of Falcon's application for a temporary injunction in the parallel proceeding in Texas.

## II.     LEGAL STANDARD

The Eleventh Circuit has stated that district courts have the inherent authority to manage their own docket to ensure "the orderly and expeditious disposition of [their] cases." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Servs., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and internal quotation marks omitted). This inherent authority includes the ability to set deadlines on matters pending before the courts. *See Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

## III.    DISCUSSION

In the instant Motion, Defendants request that the Court hold in abeyance the Motion for PI and suspend the briefing deadlines and any hearing pertaining to the Motion for PI. *See* ECF No. [34]. Defendants argue that holding the Motion for PI in abeyance will prevent duplicative litigation and eliminate the risk of conflicting rulings between this Court and the Texas court. Defendant also avers that Plaintiff's rights will not be compromised by the temporary abeyance of the Motion for PI. *See id.* at 6-8. Plaintiff opposes the requested abeyance. *See* ECF No. [38]. Plaintiff argues that the Court can and should permit the parties to complete the briefing for the Motion for PI and the Motion to Stay, and Plaintiff's rights will be compromised by an indefinite abeyance of the Motion for PI. *See id.* at 2. Plaintiff also submits that if the Texas court denies

Falcon's request for injunctive relief, there will be no possibility of this Court issuing a conflicting injunction, and allowing the Motion for PI to be fully briefed will allow the Court to address the Motion for PI by the time the Texas court resolves Falcon's application for injunctive relief. *See id*.

The Court agrees with Defendants. As Defendants rightly argue, the requested abeyance will eliminate the need for duplicative litigation arising from two conflicting applications for injunctive relief before this Court and the Texas court. *See* ECF No. [34] at 6. In addition, an abeyance will prevent any possibility of conflicting rulings between this Court and the Texas court by allowing the Texas court to rule on Falcon's pending application for injunctive relief. *See id.* at 7. Plaintiff's argument that its rights will be compromised by an "indefinite abeyance," ECF No. [38] at 2, is unpersuasive since the requested abeyance will expire upon this Court's resolution of Defendants' Motion to Stay, which is forthcoming, and the Texas court's resolution of Falcon's application for a temporary injunction, which is set for a hearing on April 4 and 5, 2022. The length of the abeyance, therefore, is not indefinite.

Further, Plaintiff fails to persuade the Court that the abeyance will result in "irreparable" harm since the abeyance will be relatively short. *See* ECF No. [38] at 6-7. The purported need to resolve the Motion for PI expeditiously and thereby enjoin Defendants from preventing Plaintiff's exercise of its "step-in" rights is tempered by the fact that the Texas court has already entered a TRO that prevents Plaintiff from exercising its "step-in" rights. *See* ECF No. [31-9]. A such, even if this Court were to grant the Motion for PI, Plaintiff would not be able to exercise its "step-in" rights as a result of the conflicting TRO. *See* ECF No. [34] at 4. In other words, addressing the Motion for PI in Plaintiff's favor will not cure any alleged irreparable harm to Plaintiff. The Court already acknowledged this possibility in its prior Order on Emergency Motion. *See* ECF No. [23] at 3 n.1. Finally, as Defendants rightly argue, Plaintiff's claim of irreparable harm is unpersuasive

given Plaintiff's "willing[ness] to stipulate to the extension of the TRO [in Texas]," ECF No. [34] at 8, which suggests that whatever harm Plaintiff will suffer from temporarily being unable to exercise its "step-in" rights is not irreparable.[2]

In addition, Plaintiff's reliance on two non-binding cases from outside the Eleventh Circuit, *P&G v. Kraft Foods Global, Inc*., 549 F. 3d 842 (Fed. Cir. 2008), and *NIDEC Corp. v. LG Innotek Co., Ltd*, 2009 WL 3673433 (E.D. Texas, April 3, 2009), to argue that it will suffer irreparable harm is unavailing. *See* ECF No. [38] at 7. As Plaintiff notes, in *P&G*, the Federal Circuit found that the district court abused its discretion by imposing a stay that effectively denied the preliminary injunction motion without considering the merits of the motion. 549 F. 3d at 850. In this case, the Court is not imposing a stay that effectively denies the Motion for PI. The Court is instead holding the Motion for PI in abeyance for a short period of time due to the conflicting application for injunctive relief in the parallel case, which does not constitute an effective denial of the Motion for PI. In *NIDEC Corp*., the court determined that a stay could cause irreparable harm to the plaintiff that could not be remedied by money damages. *See* 2009 WL 3673433, at *4. In this case, as discussed above, even if the Court were to not hold the Motion for PI in abeyance and grant the Motion for PI, Plaintiff could not exercise its "step-in" rights given the existing TRO issued by the Texas court. As such, practically speaking, there is no irreparable harm that ensues from holding the Motion for PI in abeyance.

Also, Plaintiff's argument that the Court should not hold the Motion for PI in abeyance because the Texas court's order on Falcon's pending application for injunctive relief is

---

[2] Plaintiff does not dispute that it agreed to an extension of the TRO. To the extent that Plaintiff argues that "step-in" rights are not what Plaintiff alleges will be irreparably harmed, the argument is inapposite. *See* ECF No. [38] at 6-7. As Plaintiff rightly notes, "step-in" rights are the "tool" that allows Plaintiff to protect its trademarks, trade secrets, and goodwill that will allegedly be irreparably harmed. *Id.* at 6. The ability to exercise "step-in" rights, therefore, is inextricably intertwined with whatever irreparable harm Plaintiff will allegedly suffer. Plaintiff's willingness to forego the exercise of its "step-in" rights by stipulating to an extension of the TRO suggests that Plaintiff will not suffer irreparable harm in the short-term.

5

forthcoming and will be in its favor is unpersuasive. *See* ECF No. [38] at 6, 7. Following Plaintiff's logic, the Texas court will deny Falcon's pending application for injunctive relief and this Court will not be faced with the possibility of issuing conflicting injunctive relief. *See id.* at 6. Further, the Texas court will resolve Falcon's application for injunctive relief by the time the Motion for PI is fully briefed. *See id.* As such, Plaintiff submits that the Court should allow the Motion for PI to be fully briefed so that this Court will be able to expeditiously address the Motion for PI by the time the Texas court denies Falcon's application for injunctive relief. *See id.* However, the Court declines to presume that the Texas court will decide the application for injunctive relief in Plaintiff's favor. Requiring the parties to expend resources to resolve the Motion for PI when the Texas court could grant injunctive relief and thereby foreclose this Court from granting conflicting injunctive relief would not be an efficient use of the parties' resources.

### IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [34]**, is **GRANTED**.

2. Plaintiff's Motion for Preliminary Injunction, **ECF No. [9]**, is held in abeyance pending (1) the Court's resolution of Defendants' Motion to Stay, ECF No. [32], and (2) the Texas court's resolution of Falcon's application for a temporary injunction.

3. Any briefing deadlines and hearings regarding Plaintiff's Motion for Preliminary Injunction, ECF No. [9], are **CANCELED**.

4. Defendants' Request for Judicial Notice, **ECF No. [31]**, and Notice of Supplement and Second Request for Judicial Notice, **ECF No. [39]**, are **APPROVED**.

5. All other deadlines remain in place.

```
```
Case No. 21-cv-62561-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 23, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record